**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Michael Gemza, | No. CV-25-03461-PHX-SMM (ASB) |
| Plaintiff, | **ORDER** |
| v. | |
| Ana Duarte, et al., | |
| Defendants. | |

This matter was referred to Magistrate Judge Alison S. Bachus. (Doc. 6). On April 24, 2026, the Magistrate Judge filed a Report and Recommendation with this Court. (Doc. 16). The Magistrate Judge recommends that the Court dismiss all claims in the Second Amended Complaint ("SAC") except for the equal protection class-of-one claim in Count Two as to Defendants Durazo, Zimmerman, Russom, Meza, and Cortez. (Id. at 17). Plaintiff filed objections (Doc. 23) and Defendants filed a reply (Doc. 24) to Plaintiff's objections.

## STANDARD OF REVIEW

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). Parties have fourteen days from the service of a copy of the Magistrate's recommendation within which to file specific written objections to the Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting *de novo*

review of the Magistrate Judge's factual findings and waives all objections to those findings on appeal. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." Id.

**DISCUSSION**

Having reviewed the Report and Recommendation of the Magistrate Judge, and the objections having been made by the parties thereto, the Court hereby incorporates and adopts the Magistrate Judge's Report and Recommendation.[1]

**A. Eighth Amendment Claims**

The Court agrees with the Magistrate Judge that Plaintiff does not state a claim regarding his Eight Amendment Claim in Count One of his SAC. But upon review of Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, the Court will allow Plaintiff to amend his complaint on his Eighth Amendment claim because it is likely that Plaintiff will state a claim after amendment. (Doc. 23).

First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Id. at 834 (citations omitted). "The circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). When considering the conditions of confinement, the court should consider how long to which the prisoner was subjected to the condition. See Hutto v. Finney, 437 U.S. 678, 686-87 (1978). "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." Anderson v. County of Kern, 45 F.3d 1310, 1314, as amended, 75 F.3d 448 (9th Cir. 1995).

Plaintiff contends in his objections to the Magistrate Judge's Report and Recommendation that he was in "Medical Segregation without clean drinking water for

---

[1] The factual and procedural history is in the Magistrate Judge's Report and Recommendation. (Doc. 16).

12 days" and the conditions were unsanitary due to "raw sewage floodings." (Doc. 23 at 3-4). The Ninth Circuit has held that substantial deprivations of shelter, food, drinking water, or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. See, e.g., Hearns v. Terhune, 413 F.3d 1036, 1041–42 (9th Cir. 2005) (allegations of serious health hazards in disciplinary segregation yard for a period of nine months, including toilets that did not work, sinks that were rusted and stagnant pools of water infested with insects, and a lack of cold water even though the temperature in the prison yard exceeded 100 degrees, enough to state a claim of unconstitutional prison conditions); see also Walker v. Schult, 717 F.3d 119, 127 (2d Cir. 2013) (citing, inter alia, LaReau v. MacDougall, 473 F.2d 974, 978 (2d Cir. 1972) ("Causing a man to live, eat and perhaps sleep in close confines with his own human waste is too debasing and degrading to be permitted."); see also Gaston v. Coughlin, 249 F.3d 156, 165-66 (2d. Cir. 2001) (inmate stated an Eighth Amendment claim where the area in front of his cell "was filled with human feces, urine, and sewage water" for several consecutive days). The Court agrees with Plaintiff that the alleged conditions, lack of clean drinking water and sleeping the ground with sewage floodings, are sufficient to satisfy the objective component of an Eighth Amendment claim.

Second, the prison official must have a "sufficiently culpable state of mind," i.e., he must act with deliberate indifference to inmate health or safety. Id. (citations omitted). In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837 (emphasis added).

In Plaintiff's objections, he contends that it took prison officials 18 days to respond to his written complaint that he did not have clean drinking water for 12 days. (Doc. 23 at 4). Plaintiff also attached various exhibits to his objections demonstrating the length of time it took Defendants to address his grievances. But Plaintiff does not include this information in his SAC to support his allegations that Defendants were deliberately

indifferent. Thus, Plaintiff does not state a claim for an Eighth Amendment violation in his SAC. But the Court will allow Plaintiff to amend his complaint to include the information about how long it took Defendants to respond to his grievances about his conditions of confinement since it is likely that Plaintiff will then state a claim. See Hearns, 413 F.3d at 1041–42.

### B. ADA Claims

Plaintiff contends in his objections that it is not a reasonable accommodation for his seizure disorder for his mattress to be on the floor "drown[ed] in sewage." (Doc. 23 at 3). But Plaintiff still does not demonstrate how Defendants were deliberately indifferent in addressing his grievance regarding a mattress on the floor as an accommodation for a seizure disorder. In fact, Plaintiff still demonstrates that his grievances with his accommodations were responded to and addressed. Accordingly, the Court agrees with the Magistrate Judge and will dismiss count two of Plaintiff's Second Amended Complaint. (Doc. 10).

### C. Official Capacity Claims

Plaintiff objects to the dismissal of Defendants Wilmont, Tizcareno, Grimaldi, Sanchez, and Kellner. (Doc. 23). But as stated above, Plaintiff still does not state cognizable claims for relief under the Eighth Amendment, ADA, and Rehabilitation Act regarding those Defendants. Accordingly, the Court will adopt the Magistrate Judge's recommendation and will dismiss those Defendants.

### D. Equal Protection Claims

The Court agrees with the Magistrate Judge that Plaintiff states a claim for relief regarding his claim that there is no rational basis for a difference in treatment as to why he received disciplinary sanctions. The Court also agrees with the Magistrate Judge that Plaintiff does not state an equal protection claim regarding the seizure protocol, and Plaintiff merely reiterates the same allegations in his objections. (See Doc. 23).

### E. Leave to File Third Amended Complaint

Leave to amend may be afforded under Rule 15 if justice so requires. See Fed. R.

Civ. P. 15(a); see also Cook, Perkiss, & Liehe, Inc. v. N. California Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (applying in a 12(b)(6) context) (citations omitted). For the preceding reasons, the Court will grant Plaintiff leave to amend to file a Third Amended Complaint.

**CONCLUSION**

Accordingly, for the reasons set forth,

**IT IS ORDERED adopting** the Report and Recommendation of the Magistrate Judge. (Doc. 16).

**IT IS FURTHER ORDERED dismissing without prejudice** Plaintiff's Eighth Amendment claim in Count One, the ADA claim in Count Two, and the official capacity claims in the Second Amended Complaint **with leave to amend**. (Doc. 10).

**IT IS FURTHER ORDERED dismissing** Defendants Wilmont, Tizcareno, Grimaldi, Sanchez, and Kellner **without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff may file a Third Amended Complaint on or before July 6, 2026.

**IT IS FURTHER ORDERED** that if Plaintiff attempts to amend to address the shortcomings identified in this Order, the amended complaint must be filed on the court-approved form and retyped or rewritten in its entirety (including those claims and Defendants that were not dismissed), and Plaintiff must comply with Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Defendants Durazo, Russom, Meza, and Cortez answer the equal protection class-of-one-claim in Count Two of the Second Amended Complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. 10), the Court's Order, and both summons and request for waiver forms for Defendants Durazo, Zimmerman,

Russom, Meza, and Cortez.

**IT IS FURTHER ORDERED** that Plaintiff must complete and return the service packet to the Clerk of Court on or before July 6, 2026. The United States Marshal will not provide service of process if Plaintiff fails to comply with the Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 90 days of the filing of the Second Amended Complaint or within 60 days of the filing of the Court's Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

**IT IS FURTHER ORDERFED** that the United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of the Court's Order for future use.

**IT IS FURTHER ORDERED** that the United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of the Court's Order.

**IT IS FURTHER ORDERED** that a Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, within 30 days of the date of the notice and request for waiver of service pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

**IT IS FURTHER ORDERED** that the Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

a) personally serve copies of the Summons, Second Amended Complaint, and the Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil

Procedure; and

b) within 10 days after personal service is affected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

Dated this 12th day of June, 2026.

_____
Stephen M. McNamee
Senior United States District Judge