**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Christopher Michael Gemza,
Plaintiff,
v.
Ana Duarte, et al.,
Defendants.

No. CV-25-03461-PHX-SMM (ASB)

**REPORT AND RECOMMENDATION**

**TO HON. STEPHEN M. MCNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:**

Before the Court is pro se Plaintiff Christopher Michael Gemza's Third Amended Civil Rights Complaint by a Prisoner. (Doc. 27.) Previously, the Court screened and dismissed without prejudice some of the claims in Plaintiff's First Amended Complaint. (Doc. 8.) Undersigned then screened Plaintiff's Second Amended Complaint and issued a Report and Recommendation ("R&R"), recommending that the District Judge dismiss some of Plaintiff's claims. (Doc. 16.) The District Judge adopted undersigned's R&R, allowing Plaintiff leave to amend his claims. (Doc. 25.) Plaintiff then filed this Third Amended Complaint ("TAC"). (Doc. 27.) Pursuant to this Court's statutory requirements under 28 U.S.C. § 1915A, undersigned will screen Plaintiff's Third Amended Complaint.

## I. Statutory Screening of Prisoner Complaints

Pursuant to 28 U.S.C. § 1915A, a court is required to screen complaints brought by prisoners seeking relief against a governmental entity, officer, or employee of the governmental entity. The court must dismiss the complaint, or any portion of the complaint,

if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). In the case of a pro se litigant, a court is to construe pleadings liberally. *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) ("The allegations of a pro se complaint, 'however inartfully pleaded,' should be held 'to less stringent standards than formal pleadings drafted by lawyers.'") (quoting *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)).

## II. Procedural History and Background

Undersigned will incorporate by reference the procedural history and background included in the Court's two prior Screening Orders and the prior R&R issued by undersigned. (*See* Docs. 8, 16, 25.) Undersigned will detail relevant portions below.

### 1. Original and First Amended Complaint

Plaintiff filed his original Complaint on September 19, 2025, alleging four counts against nineteen defendants. (*See* Doc. 1.) On September 26, 2025, Plaintiff filed his First Amended Complaint ("FAC"), superseding the original Complaint in its entirety. (*See* Doc. 7.) Plaintiff's FAC alleged four counts of violating Plaintiff's First, Fifth, and Fourteenth Amendment rights against twenty defendants raising the following issues: access to the courts, conditions of confinement, disciplinary proceedings, retaliation, medical care, and

denial of equal protection. (*See id.*) Pursuant to 28 U.S.C. § 1915A(b), this Court screened Plaintiff's FAC. (Doc. 8.)

In the Screening Order, this Court dismissed Plaintiff's Count One, alleging interference with Plaintiff's access to the courts, finding Plaintiff had not alleged sufficient facts to support that any named Defendant failed to provide him the constitutionally required affirmative assistance. (Doc. 8 at 14-15.) In Count Two, the Court dismissed Plaintiff's allegations of conditions of confinement, due process, and retaliation claims. (*Id.* at 15-18.) The Court found Plaintiff had not sufficiently alleged facts to support a cause of action regarding each of these claims. (*See id.*) In Count Three of his FAC, Plaintiff alleged that his medical care was delayed and inadequate, in violation of his First, Fifth, and Fourteenth Amendment rights. (*See* Doc. 7 at 12-13.) The Court interpreted these claims as Eighth Amendment inadequate medical care claims, but dismissed the allegations as "too vague and conclusory" to state a medical care claim sufficient to reach the "high legal standard" of deliberate indifference. (Doc. 8 at 18-19.) Plaintiff's Count Four raised an equal protection claim pursuant to the First, Fifth, and Fourteenth Amendments. (Doc. 7 at 14-16.) The Court found Plaintiff alleged sufficient facts that he was intentionally treated differently from another inmate due to his disability and required Defendants Durazo and Zimmerman to answer the portion of Count Four of Plaintiff's FAC that asserted an equal protection claim. (Doc. 8 at 20.)

The Screening Order also considered Plaintiff's scattered challenges to the grievance procedures he received while in custody and found that "Plaintiff cannot state a claim based on Defendants' handling of his grievances." (Doc. 8 at 21.) The Screening Order further dismissed Plaintiff's scattered challenges to his requests for accommodations, construing Plaintiff's claims as an Americans with Disabilities Act ("ADA") deliberate indifference claim, but dismissing the claims for insufficiently describing his disability and insufficiently pleading deliberate indifference by Defendants. (*Id.* at 21-22.)

The Court ordered the following in its Screening Order: (1) Counts One, Two, Three, the ADA claim in Count Four, and the official-capacity claims were dismissed

without prejudice; (2) Defendants Yuma County Sheriff's Office, Duarte, Tizcareno, Silva, Kellner, Grimaldi, Mange, Menza, Gomez, Lopez, Mahan, Miranda, Mendez, Osuna, McLaughlin, Baez, and Sevwa were dismissed without prejudice; (3) if Plaintiff attempted to amend to address the shortcomings identified in the Court's Order, the amended complaint must comply with Rule 15 of the Federal Rules of Civil Procedure ("FRCP") and Rule 15.1 of the Local Rules of Civil Procedure ("LRCiv"); and (4) Defendants Durazo and Zimmerman were ordered to answer the equal protection claim in Count Four. (Doc. 8 at 25.)

**2. Second Amended Complaint**

The Court afforded Plaintiff leave to file a Second Amended Complaint ("SAC"). (*See* Docs. 8, 16.) In Plaintiff's SAC, he raised two counts against the following Defendants: Corporal Zimmerman; Detention Officers Cortez, Durazo, Galvan Grimaldi, Caiden Kellner, Meza, Mange, and Russom; Sergeants Sanchez and Tizcareno; and Sheriff Leon N. Wilmont. (Doc. 10 at 1-5.) Plaintiff sued each Defendant "in his/her individual and official capacity at all times mentioned in this Complaint" and alleged "each Defendant acted under color of state law." (*Id.* at 1.)

In his First Count, Plaintiff alleged that his First, Fifth, Eighth, and Fourteenth Amendment rights were violated due to the conditions of confinement. (Doc. 10 at 6.) In Plaintiff's Second Count, he alleged again that his First, Fifth, Eighth, and Fourteenth Amendment rights were violated when he was denied equal protection of the law and discriminated against pursuant to his seizure disability. (*Id.* at 12.)

Undersigned recommended that the District Judge dismiss Plaintiff's claims in Count One, the ADA claim in Count Two, and the official capacity claims. (*See* Doc. 16 at 18.) Undersigned further recommended that the District Judge dismiss Defendants Wilmont, Tiscareno, Grimaldi, Sanchez, Kellner, and Mange. (*See id.*) Undersigned deferred to the District Judge as to whether to afford Plaintiff the opportunity to amend his previously amended Complaint. (*See id.* at 17.)

Following an objection period, the District Judge issued an Order on June 12, 2026, adopting the Report and Recommendation. (Doc. 25.) The District Judge dismissed without

prejudice Plaintiff's Eighth Amendment claim in Count One, the ADA in Count Two, and the official capacity claims with leave to amend. (*Id.* at 5.) The Court ordered that Plaintiff that may file a Third Amended Complaint by July 6, 2026. (*Id.*) The Court dismissed without prejudice Defendants Wilmont, Tizcareno, Grimaldi, Sanchez, and Kellner. (*Id.*) The Court also ordered Defendants Durazo, Zimmerman, Russom, Meza, and Cortez to answer the equal protection class-of-one-claim in Count Two and ordered Plaintiff to complete and return a summons packet regarding these Defendants by July 6, 2026. (*Id.*) Plaintiff appears to have complied with the Court's Order, and the TAC followed. (*See* Docs. 27, 29.)

**3. Third Amended Complaint**

Pursuant to the Court's Order, Plaintiff timely filed his Third Amended Complaint on June 24, 2026. (Doc. 27.) Plaintiff's TAC is identical to the Second Amended Complaint, except for a few sentences added to the TAC's Count One. (*Compare* Doc. 10 *with* Doc. 27.)

Plaintiff continues to assert two claims in his TAC: Count One alleges that Plaintiff's First, Fifth, Eighth, and Fourteenth Amendment rights were violated due to the conditions of confinement and Count Two alleges that Defendants denied Plaintiff equal protection of the law and discriminated against him in violation of his First, Fifth, Eighth, and Fourteenth Amendment rights. (Doc. 27.) Plaintiff also continues to allege an "official capacity" claim; Plaintiff names each of the individual Defendants "in his/her individual and official capacity" and acting "under color of state law." (*Id.* at 1.)

The only substantive changes Plaintiff made to his Complaint are regarding his Eighth Amendment conditions-of-confinement claim. (*See* Doc. 27.) Plaintiff alleges that his First, Fifth, Eighth, and Fourteenth Amendment rights were violated due to the conditions of confinement. (*Id.* at 6.) Specifically, Plaintiff alleges that Sergeant Tizcareno was informed of the infestations of spiders, ants, gnats, and other bugs in the living and eating areas, but no pest control was carried out for six months in two different units. (*Id.*) According to Plaintiff, he filed many grievances on the presence of bugs in his unit (on 8/14/25, 9/16/25, 9/22/25, and 10/14/25), the filthy or unsanitary conditions (on 8/3/25,

8/4/25, 8/7/25, and 8/10/25), and concerns about time out of his cell (on 4/10/25). (*Id.* at 6-11.) Each of these grievances received responses from the following correctional staff: Sergeant Tizcareno, Officer Grimaldi, Officer Cortez, Officer Meza, Sergeant Sanchez, and Officer Kellner. (*Id.*) Plaintiff argues that he has been denied "the minimal civilized measure of life's necessities" and that "Defendants showed deliberate indifference in that they were made aware of the facts in great detail from which it was made clear that the situation left [Plaintiff] at substantial risk of serious harm." (*Id.* at 10.) Specifically, Plaintiff alleges that it "took jail officers/staff 18 days to respond to me after being made aware that I didn't have clean drinking water." (*Id.* at 9.) Plaintiff argues that Defendants made no effort to move him to a different cell or address the health and safety concerns, showing deliberate indifference. (*Id.*) ("I was left in those conditions for at least 12 days and not responded to concerning this issue for 18 days.") Plaintiff avers that Defendant Sergeant Sanchez is a proper defendant because "it was this Defendant who was deliberat[e]ly indifferent by taking 18 days to respond after being informed that the Plaintiff didn't have clean drinking water." (*Id.* at 10.) Plaintiff further alleges that Sheriff Leon N. Wilmont "is directly responsible as per Ariz. Rev. Stat. §§ 11-441(A)(5), 31-101 he is responsible for caring for prisoners and operating the jail." (*Id.*) Finally, Plaintiff alleges that the conditions caused Plaintiff to be "made physically ill and/or increase[ed] already existing illness severity" such that he lost nineteen pounds. (*Id.* at 10-11.)

Plaintiff requests the following relief in his TAC: 1) A declaration that the acts and omissions described herein violated the Plaintiff's rights under the Constitution and laws of the United States; 2) Compensatory damages in the amount of $550,000 against each Defendant jointly and severally; 3) Punitive damages in the amount of $100,000 against Defendants Kellner, Grimaldi, Cortez, Durazo, Mange, Tizcareno, Meza, Sanchez, Zimmerman and Russom each and the amount of $350,000 against Defendant Wilmont, severally; 4) A jury trial on all issues triable by jury; 5) Plaintiff's costs; and 6) Any additional relief this Court deems just, proper, and equitable. (Doc. 27 at 19-20.)

//

//

## III. Discussion of Third Amended Complaint

### A. Eighth Amendment Claim

In Count One, Plaintiff alleges various complaints about the cleanliness and sanitation of Yuma County Detention Center. (*See* Doc. 27 at 6-11.) Undersigned will construe these claims as Eighth Amendment conditions-of-confinement claims. (*See* Doc. 8 at 15) (this Court's Screening Order of the FAC where the Court found that although Plaintiff is awaiting trial on new charges, he is serving a prison sentence and his claims regarding conditions of confinement are thus analyzed under the Eighth Amendment).

Plaintiffs alleging an Eighth Amendment conditions-of-confinement claim must meet a two-part test. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious'" where the prison official's act or omission results in "the denial of 'the minimal civilized measure of life's necessities'" *Id.* (first quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); and then quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The second part of the test requires examining the prison official's state of mind. *Id.* "A prison official must have a 'sufficiently culpable state of mind'" such that he is deliberately indifferent to the inmate's health or safety. *Id.* (quoting *Wilson*, 501 U.S. at 302-303). Deliberate indifference requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff's Eighth Amendment conditions-of-confinement claims failed in Plaintiff's First and Second Amended Complaints for failure to allege sufficient facts regarding the officials' deliberate indifference to the conditions. (*See* Doc. 8 at 15-16; Doc. 25 at 2-4.) In Plaintiff's TAC, he alleges that he filed four grievances over the course of two months about "infestations of spiders, ants, gnats, and other bugs in our living and eating areas." (*See* Doc. 27 at 6-8.) The officers alleged to have responded to the insect infestation problems were: Sergeant Tizcareno, Officer Grimaldi, and Officer Cortez. (*See id.* at 6-7.) Even assuming, *arguendo*, that the infestation of insects meets the objective prong of a conditions-of-confinement claim, Plaintiff has not alleged that any of the

officers were deliberately indifferent to Plaintiff's grievances about insect infestations. (*See id.*) Rather, Plaintiff pleads that Sergeant Tizcareno and Officers Grimaldi and Cortez responded to the grievances notifying maintenance staff. (*See id.*) Similarly, Plaintiff has failed to allege any facts that Defendant Meza or Defendant Cortez were deliberately indifferent regarding Plaintiff's requests for less restrictive housing. (*See* Doc. 27 at 7-8) (alleging Plaintiff filed a grievance to be removed from segregated housing and that Officer Meza responded that Plaintiff was pending less restrictive housing and would be considered to move when a room became available."); (*id.* at 9) (Plaintiff pleads he requested to be returned to regular housing on 8/7/25, because his "time in med seg was up" and Officer Cortez responded that the request would be considered). Regarding both the infestation of insects and Plaintiff's restrictive housing, Plaintiff has failed to allege sufficient facts to show any of the individuals he lists (Defendants Tizcareno, Grimaldi, Cortez, or Meza) were deliberately indifferent to the conditions or disregarded a substantial risk of serious harm to Plaintiff. *See Farmer*, 511 U.S. at 834; (*see also* Docs. 8, 16, 25).

Plaintiff also pleads that he filed at least three grievances about poor sanitary conditions, including unclean water, raw sewage flowing into Plaintiff's room, and Plaintiff being forced to sleep on the floor in the filthy and unsanitary conditions. (*See* Doc. 27 at 6-10.) Plaintiff pleads that he submitted a grievance on 8/3/25 alerting staff that he was "being held in extremely filthy and unsanitary conditions" and that the cell "smells of urine and is filthy." (*Id.* at 8.) Plaintiff alleges that he received a response from Officer Grimaldi on 8/4/25 advising Plaintiff to "[r]equest cleaning supplies from your unit manager." (*Id.*) Plaintiff further alleges that he filed a grievance on 8/4/25 stating that he attempted to clean the cell but "unsanitary conditions are still there including a water fountain that sprays the bed and the nozzle covered in rust, I can't drink that water." (*Id.*) Plaintiff alleges that he received a response to this grievance eighteen days later from Sergeant Sanchez, and that Plaintiff was left without clean drinking water for twelve days. (*Id.* at 8-9.) On 8/10/25, Plaintiff alleges he submitted a grievance, responded to by Officer Grimaldi, whereby Plaintiff complained he was being subjected to a rusty faucet, extremely unsanitary conditions, and raw sewage flowing into his room. (*Id.* at 9.) Plaintiff alleges

that he was living in these unsanitary conditions "for at least twelve days" and that he was subjected to a cell flooded with raw sewage, lack of access to clean drinking water, and having to place his mattress on the floor (because of his seizure condition) in the unsanitary conditions. (*Id.* at 9-10.)

The "subjection of a prisoner to lack of sanitation that is severe or prolonged" can form the basis of an Eighth Amendment conditions-of-confinement claim. *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314 (9th Cir.), *opinion amended on denial of reh'g*, 75 F.3d 448 (9th Cir. 1995). An alleged exposure to overflowing sewage in a cell, where defendants failed to adequately address the sanitation issue for several days, can state a claim of deliberate indifference to conditions of confinement claim sufficient to warrant defendants to answer. *Arellano v. Ojeda*, 660 F. App'x 552, 552-553 (9th Cir. 2016). Here, liberally construed, Plaintiff alleges that he was exposed to raw sewage in his cell and forced to sleep on the floor in the filthy and unsanitary conditions. (*See* Doc. 27 at 6-10.) Plaintiff pleads that he was forced to live in these conditions "for at least twelve days" despite filing grievances on 8/3/25, 8/4/25, and 8/10/25. (*See id.*) Accordingly, Plaintiff has sufficiently stated a claim of deliberate indifference to conditions of confinement regarding Defendants Grimaldi and Sanchez. *See Anderson*, 45 F.3d at 1314; *Arellano,* 660 F. App'x at 552-553.

Additionally, the alleged deprivation of lack of clean drinking water for "at least twelve days" raises a conditions-of-confinement claim. The Ninth Circuit has found that "substantial deprivations of shelter, food, drinking water, and sanitation" including inadequate drinking water for four days is sufficient to state an Eighth Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 732 (9th Cir. 2000). Furthermore, Plaintiff pleads that Defendants Grimaldi and Sanchez did not adequately address to his grievances regarding clean drinking water, and that Plaintiff became sick with "stomach and GI issues" as a result. (*See* Doc. 27 at 11.) Accordingly, Plaintiff's allegations that Defendants Grimaldi and Sanchez did not respond to his requests for clean drinking water for eighteen days, leaving him without clean drinking water for twelve days, states a cognizable claim of deliberate indifference to conditions of confinement. *See Howard v. Cnty. of Kern*, No. 1:24-CV-00387-HBK (PC), 2025 WL 708641, at *3-4 (E.D. Cal. Mar. 5, 2025) (finding

plaintiff's allegations that he was forced to drink contaminated water for two months and that the water posed a health and safety risk survived the screening stage); *Moore v. Woodford*, No. CV-06-2357-SBA (PR), 2008 WL 4561154, at *3 (N.D. Cal. Sept. 30, 2008) (holding that the allegations in plaintiff's complaint of being "allowed" to drink contaminated water for two weeks which made plaintiff ill stated a cognizable Eighth Amendment claim.)

To summarize, Plaintiff has stated a cognizable Eighth Amendment claim based on the raw sewage in his cell and the inadequate clean drinking water regarding Defendants Grimaldi and Sanchez. Plaintiff has failed to state a claim for deliberate indifference to conditions of confinement regarding Defendants Tizcareno, Cortez, and Meza.

**B. Count Two - Equal Protection and ADA Claims**

Plaintiff's allegations in Count Two are identical to the allegations in Count Two of the Second Amended Complaint. (*Compare* Doc. 10 at 12-18 *with* Doc. 27 at 12-18.) Having already analyzed these allegations in the prior Report and Recommendation, and the District Judge having analyzed and adopted such recommendations in his Order, the Court need not repeat the analysis here. (*See* Doc. 16 at 9-16; Doc. 25 at 4.) Undersigned will recommend that the Court find Plaintiff has stated an equal protection class-of-one claim and order Defendants Durazo, Zimmerman, Russom, Meza, and Cortez to answer the claim.

Plaintiff has not made any changes to his Complaint regarding his ADA claim or his membership in a protected class equal protection claim. (*See* Doc. 27.) Accordingly, undersigned's analysis has not changed. (*See* Doc. 16.) Undersigned will recommend that the remaining equal protection and ADA claims, which the Court previously found failed to state a claim, be dismissed. (*See id.*)

**C. Official Capacity Claims**

As discussed above, the only substantive changes made to Plaintiff's Complaint were regarding his Eighth Amendment Claims. (*See* Doc. 27.) Thus, undersigned will limit her analysis regarding official capacity claims to Plaintiff's Eighth Amendment claim in Count One.

Plaintiff names each of the individual Defendants "sued in his/her individual and official capacity at all times mentioned in this Complaint." (Doc. 27 at 1.) Plaintiff alleges that "each Defendant acted under color of state law." (*Id.*)

"Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell*, 436 U.S. at 690 n. 55. In other words, when a plaintiff brings suit against officials in their official capacity, the suit is really against the entity that employs that defendant. *See id.* An agency or local government can only be sued under § 1983 actions when it is the "execution of a government's policy or custom" that "inflicts the injury that the government as an entity is responsible under § 1983." As stated in the FAC Screening Order, the real party in interest here is Yuma County, and thus to state an official-capacity claim against the Defendants, Plaintiff must "allege facts to support the existence of a Yuma County policy that resulted in injury to Plaintiff." (Doc. 8 at 11.)

"To impose liability on a local governmental entity for failing to act to preserve constitutional rights, a section 1983 plaintiff must establish: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). "[T]here must be 'a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) (quoting *City of Canton*, 489 U.S. at 385).

A policy is a deliberate choice to follow a certain course of action made by the officials or entity "responsible for establishing final policy with respect to the subject matter in question." *Pearce*, 954 F.2d at 1477 (internal citations omitted). A custom is that which "although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (internal quotations and citations omitted).

"Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (citations omitted).

"The Eleventh Amendment erects a general bar against federal lawsuits brought against a state." *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986)). However, a plaintiff may bring suit "for prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law." *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128 (9th Cir. 2012) (citing *Ex parte Young*, 209 U.S. 123, 155–56 (1908); *Alden v. Maine*, 527 U.S. 706, 747 (1999)). The exception to sovereign immunity "is narrow: It applies only to prospective relief [and] does not permit judgments against state officers declaring that they violated federal law in the past[.]" *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (citation omitted).

Here, construing Plaintiff's pleadings liberally, Plaintiff has alleged that the policies at Yuma County Detention Center were unlawful. (*See* Doc. 27.) Specifically, Plaintiff alleges that the seizure protocol of putting his mattress on the floor "proves a policy[.]" (*See id.* at 17.) Plaintiff appears to argue that the official policy of the seizure protocol violates Plaintiff's Eighth Amendment right against cruel and unusual punishment. (*See id.* at 12, 17.) Also, as discussed above, Plaintiff has adequately alleged a constitutional deprivation pursuant to the Eighth Amendment based on his conditions of confinement. (*See id.* at 6-11.) However, for relief Plaintiff requests monetary damages and "a declaration that the acts and omissions . . . violated Plaintiff's rights[.]" (*Id.* at 19.) Plaintiff may only bring suit against officers in their official capacities for prospective injunctive relief; sovereign immunity does not allow Plaintiff to bring suit against state officers "declaring that they violated federal law in the past." *See Puerto Rico Aqueduct & Sewer Auth.*, 506 U.S. at 146. Accordingly, Plaintiff has failed to state an official capacity claim.

**D. Respondeat Superior/Supervisor Liability**

Finally, Plaintiff alleges that Sheriff Leon N. Wilmont is "directly responsible" for

the conditions of confinement, equal protection of the law, and compliance with the ADA based on his role operating the jail. (*See* Doc. 27 at 10, 13) ("Sheriff Leon N. Wilmont is directly responsible as per Ariz. Rev. Stat. §§ 11-441(A)(5), 31-101 he is responsible for caring for prisoners and operating the jail.") Liberally construed, it appears that Plaintiff alleges that Defendant Wilmont is vicariously liable for the constitutional deprivations he has experienced while incarcerated. (*See id.*)

Generally speaking, "[u]nder Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." *Hansen v. Black*, 885 F.2d 642, 645-646 (9th Cir. 1989). "A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* (citation omitted). A supervisory official may also be held liable without personal participation in the offensive act if the supervisor implements a policy "so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id.* (internal quotation marks and citations omitted).

Plaintiff has not pled that Defendant Wilmont personally participated in an alleged constitutional deprivation, or implemented a policy that itself is a repudiation of constitutional rights.[1] (*See* Doc. 27.) Accordingly, Plaintiff has failed to state a claim against Defendant Wilmont. *See Hansen,* 885 F.2d at 646.

## IV. Warning

### A. Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

---

[1] While Plaintiff may argue that that the seizure protocol is a policy that has resulted in a constitutional deprivation, undersigned has already determined that Plaintiff has failed to plead sufficient facts to state a claim under equal protection or the ADA regarding the seizure protocol and thus has not shown a constitutional deprivation. (*See* Doc. 16 at 10-12.)

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C. Possible Dismissal**

If Plaintiff fails to timely comply with court orders, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992), *as amended* (May 22, 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**V. Leave to Amend and Service of Process**

Plaintiff has been afforded the opportunity to amend his First Amended Complaint and Second Amended Complaint. (*See* Docs. 8, 25.) While Plaintiff has remedied some of the previously dismissed claims, he has failed to remedy many of the defects identified in the prior Orders. (*See id.*)

Leave to amend may be afforded under Rule 15 if justice so requires. *See* Fed. R. Civ. P. 15(a); *see also Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.,* 911 F.2d 242, 247 (9th Cir. 1990) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (citations omitted)). Whether to grant leave to amend depends on five factors: "(1) bad faith, (2) prejudice to the opposing party, (3) futility, (4) undue delay, and (5) whether plaintiff has previously amended his complaint." *Western Shoshone Nat. Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991) (citations omitted). "[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon Props., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir. 1989).

The Court has already permitted Plaintiff to file three amended complaints. Additionally, Plaintiff made very few changes to the instant Third Amended Complaint, adding a few sentences to Count One and making no substantive changes at all to Count

Two. (*Compare* Doc. 10 *with* Doc. 27.) Accordingly, undersigned will recommend that the ADA claim and the official capacity claims be dismissed without leave to amend for failure to state a cognizable claim. Undersigned will further recommend that Defendants Wilmont, Tizcareno, and Kellner be dismissed.[2]

Plaintiff has previously complied with the Court's Order and completed Summonses for Defendants Cortez, Durazo, Meza, Russom, and Zimmerman. (*See* Doc. 29.) Each of these Defendants were served with a Summons and the Second Amended Complaint, along with the Court's Order. (*See* Docs. 30-34.) However, the Third Amended Complaint is now the operative Complaint in this action. Accordingly, the remaining Defendants must be served with the operative Complaint. Undersigned will therefore recommend that, if the District Judge agrees with undersigned's conclusion, that Plaintiff be ordered to complete Summonses as to the remaining Defendants.

**VI. Conclusion**

**IT IS THEREFORE RECOMMENDED** that the District Judge order the following:

1) The ADA claim in Count Two and the official capacity claims in the Third Amended Complaint be **dismissed** without leave to amend;
2) Defendants Grimaldi and Sanchez to answer Count One of the Third Amended Complaint;
3) Defendants Durazo, Zimmerman, Russom, Meza, and Cortez to answer the equal protection class-of-one claim in Count Two of the Third Amended Complaint;
4) Defendants Wilmont, Tizcareno, Kellner, and Mange be **dismissed**;
5) If the District Judge agrees that the claims be dismissed without leave to amend, undersigned recommends the following:

---

[2] If the Court dismisses, undersigned would recommend the Court include in its Order a warning that dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

a) The Clerk of Court must send Plaintiff a service packet including the Third Amended Complaint (Doc. 27), the Court's Order, and both summons and request for waiver forms for Defendants Durazo, Zimmerman, Russom, Meza, Cortez, Grimaldi, and Sanchez.

b) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of the Court's Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with the Order.

c) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Third Amended Complaint on a Defendant within 90 days of the filing of the Third Amended Complaint or within 60 days of the filing of the Court's Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

d) The United States Marshal must retain the Summons, a copy of the Third Amended Complaint, and a copy of the Court's Order for future use.

e) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of the Court's Order.

f) A Defendant who agrees to waive service of the Summons and Third Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, within 30 days of the date of the notice and request for waiver of service pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

g) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

i. personally serve copies of the Summons, Third Amended Complaint, and the Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

ii. within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Third Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

//

//

//

//

//

//

//

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 2nd day of September, 2026.

Honorable Alison S. Bachus
United States Magistrate Judge