**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Christopher Michael Gemza,<br>Plaintiff,<br>v.<br>Ana Duarte, et al.,<br>Defendants. | No. CV-25-03461-PHX-SMM (ASB)<br>**ORDER** |

This matter was referred to Magistrate Judge Alison S. Bachus. (Doc. 6). On September 2, 2026, the Magistrate Judge filed a Report and Recommendation with this Court. (Doc. 35). No objections have been filed. The Magistrate Judge recommends that the Court dismiss Plaintiff's The Americans with Disabilities Act ("ADA") claim, Defendants Wilmont, Tizcareno, Kellner, and Mange, and the official capacity claims in the Third Amended Complaint ("TAC") without leave to amend. (Id.)

**STANDARD OF REVIEW**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). Parties have fourteen days from the service of a copy of the Magistrate's recommendation within which to file specific written objections to the Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting *de novo* review of the Magistrate Judge's factual findings and waives all objections to those

findings on appeal. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." Id.

**DISCUSSION**

Having reviewed the Report and Recommendation of the Magistrate Judge, and no Objections having been made by any party thereto, the Court hereby incorporates and adopts the Magistrate Judge's Report and Recommendation.[1] Moreover, Plaintiff fails to state a claim that any of the named individuals were deliberately indifferent as to his insect infestation and restrictive housing claims in Count One; fails to state a claim as to his ADA claim in Count Two; fails to state any official capacity claims; and fails to state a claim against Defendant Sherriff Leon N. Wilmont. (See Docs. 27; 35). But the Court will allow Plaintiff's deliberate indifference claims in Count One regarding the unsanitary conditions, including unclean drinking water, raw sewage flowing into his room, and being forced to sleep on the floor in filthy and unsanitary conditions to proceed. (See ibid.) The Court will also allow Plaintiff's equal protection class-of-one claim in Count Two to proceed. (See ibid.)

Since the Court is dismissing some of Plaintiff's claims, the Court will issue a warning that dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Accordingly, for the reasons set forth,

**IT IS ORDERED adopting** the Report and Recommendation of the Magistrate Judge. (Doc. 35).

[1] The factual and procedural history is in the Magistrate Judge's Report and Recommendation. (Doc. 35).

**IT IS FURTHER ORDERED dismissing** Plaintiff's ADA claim in Count Two and the official capacity claims in the Third Amended Complaint **without prejudice** and **without leave to amend**. (Doc. 27).

**IT IS FURTHER ORDERED dismissing** Defendants Wilmont, Tizcareno, Kellner, and Mange **without prejudice**. (Doc. 27).

**IT IS FURTHER ORDERED** that Defendants Grimaldi and Sanchez answer Count One of the Third Amended Complaint.

**IT IS FURTHER ORDERED** that Defendants Durazo, Zimmerman, Russom, Meza, and Cortez answer the equal protection class-of-one-claim in Count Two of the Third Amended Complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court must send Plaintiff a service packet including the Third Amended Complaint (Doc. 27), the Court's Order, and both summons and request for waiver forms for Defendants Durazo, Zimmerman, Russom, Meza, Cortez, Grimaldi, and Sanchez.

**IT IS FURTHER ORDERED** that Plaintiff must complete and return the service packet to the Clerk of Court on or before October 19, 2026. The United States Marshal will not provide service of process if Plaintiff fails to comply with the Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Third Amended Complaint on a Defendant within 90 days of the filing of the Third Amended Complaint or within 60 days of the filing of the Court's Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

**IT IS FURTHER ORDERFED** that the United States Marshal must retain the Summons, a copy of the Third Amended Complaint, and a copy of the Court's Order for future use.

**IT IS FURTHER ORDERED** that the United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to

Defendants must include a copy of the Court's Order.

**IT IS FURTHER ORDERED** that a Defendant who agrees to waive service of the Summons and Third Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, within 30 days of the date of the notice and request for waiver of service pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

**IT IS FURTHER ORDERED** that the Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

a) personally serve copies of the Summons, Third Amended Complaint, and the Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

b) within 10 days after personal service is affected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Third Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

Dated this 28th day of September, 2026.

Stephen M. McNamee
Senior United States District Judge